```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
CHAUNCEY GALI ALMONTE,                  :
                    Plaintiff,          :
                                        :      11 Civ. 1404 (DLC)
          -v-                           :
                                        :      OPINION & ORDER
PUBLIC STORAGE INCORPORATED, PUBLIC     :
STORAGE COLLECTIONS DEPARTMENT,         :
                    Defendants.         :
                                        :
---------------------------------------- X
```

Appearances:

For plaintiff:
Chauncey Gali Almonte, pro se
727 Dennis Road
Jacksonville, NC 28546

For Defendants:
Elisa M. Pugliese
Cullen and Dykman, LLP
177 Montague Street
Brooklyn, NY 11201

DENISE COTE, District Judge:

The plaintiff, Chauncey Gali Almonte ("Almonte"), brings this action against Public Storage Incorporated and Public Storage Collections Department (collectively, "Public Storage")[1], asserting claims under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692f and 1692g.  Public Storage has moved to dismiss the complaint for failure to state a claim

---

[1] Public Storage is the successor in interest to Public Storage, Inc., which was merged into Public Storage pursuant to an Agreement and Plan of Merger, dated March 19, 2007.  Public Storage Collections Department is a non-existant legal entity.

1

pursuant to Rule 12(b)(6), Fed. R. Civ. P.  This motion is unopposed.  For the reasons stated below, the motion, converted to a motion for summary judgment under Rule 56(e), Fed. R. Civ. P., is granted.

BACKGROUND

The following facts are taken from the complaint filed on February 28, 2011 (the "Complaint"), the documents integral to the Complaint,[2] and declarations filed by Public Storage in support of its motion to dismiss.  Public Storage is a Maryland real estate investment trust with its principal place of business located at 701 Western Avenue, Glendale, California.  Public Storage has employees that engage in debt collection activities incidental to the management of rental agreements.

On or about March 6, 2009, Almonte entered a Rental Agreement with Public Storage (the "Rental Agreement").  Pursuant to this agreement, Public Storage rented plaintiff a self-storage unit at Public Storage's Spring Valley, New York facility.  In a document titled "Notice of Enforcement of Owner's Lien -- Notice of Sale," dated May 3, 2010, Public

---

[2] Appended to the complaint is: (1) a letter dated February 9, 2011 from Chauncey Almonte to Allied Interstate Collection Agency; (2) a letter dated January 14, 2011 from Allied Interstate to Chauncey Almonte; (3) a letter dated October 22, 2010 from Andrews Federal Credit Union to Chauncey G. Almonte; and (4) a document dated May 3, 2010 and titled "Notice of Enforcement of Owner's Lien -- Notice of Sale."

Storage notified plaintiff that she was more than thirty days late in paying rent and that, unless Almonte paid $336.40 within ten days, Public Storage would enforce its owner's lien against Almonte's property in the storage unit.

Almonte disputed the amount of money that she owed to Public Storage.  Despite this pending dispute, Public Storage forwarded incorrect information regarding Almonte's debt to a non-party, Allied Interstate.  Public Storage also conspired with Allied Interstate to report this incorrect information to credit reporting agencies, causing plaintiff to be denied credit by at least one financial institution.

On June 17, 2011, Public Storage filed a motion to dismiss the Complaint.  Public Storage also filed and served a Notice to Pro Se Litigant Who Opposes a Rule 12 Motion Supported by Matters Outside the Pleadings.  By Order dated June 20, plaintiff was given until July 15, to either file an amended complaint or serve her opposition to the June 17 motion.  Both the Court and Public Storage sent a copy of the June 20 Order to plaintiff.  The plaintiff did not respond to the motion by July 15, request an extension, or otherwise communicate with the Court since the motion was filed on June 17.

DISCUSSION

Public Storage has moved to dismiss the Complaint.  As the creditor to which plaintiff owes the debt, it contends that it cannot be subject to claims brought under the FDCPA.

"'If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.'"  Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quoting Fed. R. Civ. P. 12(d)).  A district court must ordinarily give notice to the parties before converting a motion to dismiss to a motion for summary judgment, but a party "is deemed to have notice that a motion may be converted . . . if that party should reasonably have recognized the possibility that such a conversion would occur."  Sira v. Morton, 380 F.3d 57, 68 (2d Cir. 2004) (citation omitted); see also Hernandez, 458 F.3d at 68; see also Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc., 404 F.3d 566, 573 (2d Cir. 2005).  In light of the defendants' factual submissions and notice to the plaintiff of the possibility that the Court may treat their motion as a motion for summary judgment under Rule 56, Fed. R. Civ. P., Public Storage's motion is converted to one seeking summary judgment.[3]

---

[3] Since defendants' motion to dismiss was converted into one for summary judgment, defendants are not required to file a statement of material facts pursuant to the Southern District's

Summary judgment may not be granted unless the submissions of the parties, taken together, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law governing the case will identify those issues that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002) (citation omitted). The moving party bears the burden of demonstrating the absence of a material factual question, and in making this determination, the Court must view all evidence in the light most favorable to the nonmoving party. Abdu-Brisson v. Delta Air Lines, Inc., 239 F.3d 456, 465-66 (2d Cir. 2001), cert. denied, 534 U.S. 993 (2001). When the moving party has asserted facts showing that the nonmovant's claims cannot be sustained, the opposing party must "set forth specific facts showing that there is a genuine issue for trial," and cannot rest on the "mere allegations or

---

Local Rule 56.1.  De Jesus v. Albright, 08 Civ. 5804 (DLC), 2011 WL 814838, *4 n.3 (S.D.N.Y. Mar. 9, 2011).

denials" of his pleadings.  Fed. R. Civ. P. 56(e); see also Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).  In deciding whether to grant summary judgment, this Court must, therefore, determine (1) whether a genuine factual dispute exists based on the evidence in the record, and (2) whether the facts in dispute are material based on the substantive law at issue.

    Where, as here, a nonmoving pro se party has failed to submit papers in opposition to a motion for summary judgment, summary judgment may be granted as long as the Court is satisfied that the undisputed facts "show that the moving party is entitled to a judgment as a matter of law," and plaintiff has received notice that failure to submit evidence in opposition may result in dismissal of his case.  Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996) (citation omitted).  The record reflects adequate notice to Almonte of her obligation to respond, her burden of producing evidence in opposition, and the risk of dismissal.  The notice given to plaintiff by Public Storage is as comprehensive as the notice that has been approved by the Second Circuit.  Id. at 485-86.

    Defendants moves to dismiss plaintiff's FDCPA claims on the basis that Public Storage is the creditor to whom Almonte owes the debt in question and therefore, it cannot be sued under the FDCPA.  The FDCPA defines a debt collector as one who engages in

"any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis supplied). The term debt collector excludes "any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor." Id.

> The Second Circuit has held that
>
> [a]s a general matter, creditors are not subject to the FDCPA. However, a creditor becomes subject to the FDCPA if the creditor in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. . . .
>
> Similarly, a creditor's in-house collection division . . . is not considered a debt collector so long as it uses the creditor's true business name when collecting. An in-house collection unit will be exempt from the provisions of the FDCPA if it collects its own debts in the true name of the creditor or a name under which it has consistently done business.

Maguire v. Citicorp Retail Servs., Inc., 147 F.3d 232, 235 (2d Cir. 1998) (citation omitted) (emphasis supplied). See also Alibrandi v. Financial Outsourcing Servs., Inc., 333 F.3d 82, 85 (2d Cir. 2003) ("[C]reditors generally are not subject to the FDCPA.").

It is undisputed that, at all times, Public Storage acted to collect its own debt and was therefore a creditor within the meaning of the FDCPA. For instance, the May 3, 2010 "Notice of

7

Enforcement of Owner's Lien – Notice of Sale" appears on Public Storage letterhead along with the address and telephone number of Public Storage's Spring Valley facility where Almonte had a self-storage unit.  There is no evidence that Public Storage or its employees used any name other than "Public Storage" when attempting to collect a debt from the plaintiff.  Finally, even if Public Storage retained Allied Interstate to collect its debt, this fact alone does not make the defendants liable under the FDCPA.  Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 528 (S.D.N.Y. 2008).  Since creditors are not included in the FDCPA's definition of debt collectors, Almonte cannot bring FDCPA claims against Public Storage and defendants' motion to dismiss, converted to a motion for summary judgment, is granted.

CONCLUSION

The defendants' June 17, 2011 motion to dismiss, converted to a motion for summary judgment, is granted. The Clerk of Court shall enter judgment for the defendants and close this case.

SO ORDERED:

Dated:   New York, New York
         September 1, 2011

                                   _____
                                          DENISE COTE
                                   United States District Judge